United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HARTFORD FIRE INSURANCE COMPANY, a ) No. 05-4818 SC
Connecticut corporation,            )
                                    ) ORDER GRANTING
              Plaintiff,            ) PLAINTIFF'S MOTION
                                    ) FOR ENTRY OF
                                    ) <u>DEFAULT JUDGMENT</u>
     v.                             )
                                    )
STEVEN BOYD CAMERON and DOES 1-10,  )
inclusive,                          )
                                    )
              Defendants.           )
_____)

I.  **INTRODUCTION**

   Plaintiff Hartford Fire Insurance Company ("Hartford") brought this action against Defendant Steven Boyd Cameron ("Cameron") et al. seeking vindication of rights acquired through subrogation from Cameron's former employer Real Management Company ("RMC").  See Complaint.  Presently before the Court is Hartford's Motion for Entry of Default Judgment against Cameron.  For the reasons stated herein, the Motion is GRANTED.

/
/
/
/
/
/

## II. BACKGROUND

This action arises out of the alleged embezzlement of a approximately $327,237.88 by Cameron from RMC, for whom Cameron worked as a bookkeeper. See Complaint at 2. According to an email which Hartford claims was drafted and sent by Cameron, Cameron embezzled the funds by drafting checks payable to himself from the RMC account. Id., Ex. A. The Complaint alleges Cameron embezzled money for approximately three years before being discovered by a co-worker, after which he allegedly sent the email. Id. at 2.

On the basis of the loss incurred as a result of Cameron's alleged embezzlement, Hartford paid RMC a total of $277,237.88 in satisfaction of their obligation to insure RMC for employee fraud. Id. at 3. In exchange, "RMC has assigned all its causes of action against Defendants, which it could have asserted for its own benefit, to Hartford." Id. at 4.

On November 23, 2005, Hartford filed the instant action. See id. The Complaint alleges six causes of action against Cameron: 1) equitable subrogation; 2) unjust enrichment; 3) fraud; 4) conversion; 5) breach of contract; and 6) monies had and received. See id. On July 26, 2006, Cameron was personally served with the Summons and Complaint. See Declaration of Mark J. Krone in Support of Application for Default Judgment ("Krone Decl."), Ex. G. After the requisite time limit for Cameron to file an answer or other motion in its stead, Hartford made a motion for entry of default, which, on August 29, 2006, was granted by the Clerk of this Court. See Docket No. 12. On October 20, 2006, Hartford

2

1  filed the instant Motion for Default Judgment.  <u>See</u> Docket No. 13.

### III. <u>LEGAL STANDARD</u>

After entry of default, the Court may enter a default judgment.  Fed. R. Civ. P. 55.  Its decision whether to do so, while "discretionary," <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors.

As a preliminary matter, the Court must "assess the adequacy of the service of process on the part[ies] against whom default is requested."  <u>Board of Trustees of the N. Cal. Sheet Metal Workers v. Peters</u>, No. C-00-0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

If the Court determines that service was adequate, it may consider the following factors in its decision on the merits of a motion for default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  In doing so "the factual allegations of the complaint . . . will be taken as true."  <u>TeleVideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987)(internal quotations omitted).

Should the Court grant the Motion on the merits, however, the same standard does not guide its determination regarding damages.  <u>Televideo Systems, Inc.</u>, 826 F.2d at 917.  "Plaintiff[s] ha[ve]

United States District Court
For the Northern District of California

the burden of proving damages through testimony or written affidavit." <u>Board of Trustees of the Boilermaker Vacation Trust v. Skelly, Inc.</u>, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005).

**IV.  DISCUSSION**

    A.  <u>Service of Process</u>

Service of process against Cameron was adequate.  Federal Rule of Civil Procedure 4(e) allows service upon an individual by personally delivering to the individual the summons and complaint. Fed. R. Civ. P. 4(e)(2).  Technically, Rule 4(m) requires process to be made within 120 days after filing the complaint.  <u>See</u> Fed. R. Civ. P. 4(e)(2).  However, in the context of motion for default judgment such as this, the question is not whether service of process was made in precise compliance with the rules, but rather whether it was adequate to give a defendant notice of the allegations against it.  Personal service, whenever completed, adequately gives a defendant notice of the allegations against it, since such allegations are contained in the complaint.

    B.  <u>Merits of Motion</u>

Accepting the allegations in the Complaint as true, as it must, the Court finds that <u>Eitel</u> factors weigh in favor of entering default judgment.

        1.  <u>Prejudice</u>

While Hartford has not explicitly argued that it would be prejudiced absent entry of default judgment, it can be assumed that without default judgment entered against Cameron, it would be difficult or impossible for Hartford to collect from Cameron the

4

monies they claim are owed. Such a situation qualifies as prejudice. See PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

### 2. Merits of Plaintiffs' Substantive Claims/Sufficiency of the Complaint

Hartford makes several claims against Cameron. However, Hartford need only show that one of the causes of action which was allegedly subrogated to it has merit and that the subrogation claim has merit. The Court finds that Hartford's conversion claim and its subrogation claim have merit and that both are adequately pled in the Complaint.

Conversion is defined as "an act of wilful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession." De Vries v. Brumback, 53 Cal.2d 643, 647 (1960) (internal quotations omitted). "Embezzlement requires conversion of trusted funds coupled with the intent to defraud." In re Basinger, 45 Cal.3d 1348, 1363 (1988).

The Complaint alleges that Cameron, while in the trusted position of bookkeeper for RMC, took money which belonged to RMC by drafting fraudulent checks to himself. See Complaint at 2. Hartford further alleges that Cameron admitted to doing so intentionally. See id., at 3. Accepting all of these allegations as true, the Court finds that Hartford has sufficiently stated a claim for conversion against Cameron.

"When an insurance company pays out a claim on a first-party insurance policy to its insured, the insurance company is

1  subrogated to the rights of its insured against any tortfeasor who
2  is liable to the insured for the insured's damages." Progressive
3  West Ins. Co. v. Yolo Cnty. Superior Ct., 135 Cal.App.4th 263, 272
4  (Cal. App. Ct. 2005).  It has already been shown that Cameron is
5  liable for conversion, and the Complaint alleges that Hartford
6  paid RMC $277,237.88 in insurance compensation for its resulting
7  losses.  The Complaint therefore sufficiently alleges a
8  meritorious claim for equitable subrogation.

### 3. Other Factors

10  None of the remaining Eitel factors dissuade the Court from
11  entering a default judgment against Defendants.  The Court
12  therefore finds that entry of default judgment is warranted.

### C. Remedy

14  Hartford's Motion requests $327,273.88 in damages (the total
15  injury claimed by RMC as a result of the embezzlement) or, in the
16  alternative, $277,273.88 in damages (the amount which Hartford
17  paid RMC for its claim after the applicable deductible).  See
18  Motion at 5.  Hartford also request $412.13 in costs.  See id.
19  Hartford has submitted in support of its request for damages a
20  copy of a check in the amount $277,237.88 payable to RMC from
21  Hartford.  See Krone Decl., Ex. E.  It has also submitted copies
22  of receipts showing costs paid for filing fees and service of
23  process fees which total $412.13.  See id., Ex. K.

24  "Subrogation places the insurer in the shoes of its insured
25  only to the extent of its payment." Progressive, 135 Cal.App.4th
26  at 272.  Thus, Hartford may only claim damages in the amount of
27  its payment to RMC, $277,273.88, not in an amount reflecting the

6

total injury to RMC.  Satisfaction of any liability in excess of the amount Hartford paid must be sought by RMC, the party-in-interest to which the claim for such an amount belongs.  See <u>Low v. Golden Eagle Insurance Co.</u>, 101 Cal.App.4th 1354, 1364 (Cal. App. Ct. 2002).

The Court's decision whether to award costs to a prevailing party is left to its discretion.  See <u>Trans Container Services (BASEL) A.G. v. Security Forwarders, Inc.</u>,752 F.2d 483, 488 (9th Cir. 1985).  On the basis of that authority, the Court finds that Hartford has properly shown they should be awarded costs in the amount of $412.13.

**V.     CONCLUSION**

For the aforementioned reasons, the Court GRANTS Hartford's Motion for Default Judgment against Cameron and AWARDS Hartford $277,273.88 in compensatory damages and $412.13 in costs, for a total of $277,686.01.

IT IS SO ORDERED.

Dated: December 12, 2006

_____
UNITED STATES DISTRICT JUDGE